**Filed 1/9/19 by Clerk of Supreme Court**

**IN THE SUPREME COURT**

**STATE OF NORTH DAKOTA**

---

2019 ND 1

---

**In the Matter of a Petition to Permit Temporary Provision of Legal Services by Qualified Attorneys From Outside North Dakota**

---

No. 20160436

---

**Per Curiam.**

[¶1]     On January 18, 2017, October 16, 2017, and November 15, 2018, this Court considered the provision of legal services in criminal cases pending in the South Central Judicial District arising from arrests made during the protests of the Dakota Access Pipeline between August 1, 2016, and until further order of this Court.

[¶2]     Under the Court's prior orders, qualified attorneys from outside of North Dakota, and not licensed in North Dakota, were relieved from certain filings and requirements normally needed to appear as pro hac vice counsel under Rule 3(A) of the Admission to Practice Rules. An additional requirement was that an attorney admitted pro hac vice under the Court's Order must verify in writing to the North Dakota State Board of Law Examiners no later than January 5, 2018, their licensure status and provide a listing of pending cases for which they are acting under the January 18, 2017 Order.

[¶3]     According to administrative records of the South Central Judicial District, all of the criminal cases arising from arrests made during the protests of the Dakota Access Pipeline would not have been completed by the end of 2018.  On November 15, 2018, the Court ordered that those attorneys who qualified under this Court's

previous Orders for applicable criminal cases that will not be completed by December 31, 2018, and prosecution is not delayed due to any outstanding warrants, must verify in writing to the North Dakota State Board of Law Examiners no later than January 7, 2019, their licensure status and provide a listing of the pending cases, not in warrant status, for which they are acting under the January 18, 2017 Order. The Court also ordered that the special pro hac vice provisions under the January 28, 2017 Order will expire December 31, 2019. Thereafter, pro hac vice counsel in these matters must comply with all requirements in Rule 3(A) of the North Dakota Admission to Practice Rules.

[¶4]   On December 28, 2018, Sarah Hogarth filed a letter on behalf of the Water Protector Legal Collective requesting the deadline be extended to January 31, 2019. Hogarth explained that the Morton County State's Attorney's office is reviewing those cases for those it wishes to pursue and those it wishes to dismiss and that the review is expected to be completed by January 7, 2019. On January 3, 2019, the Morton County State's Attorney's office provided a copy of a Notice from District Judge Gail Hagerty dated December 7, 2018. The notice listed the cases the judges of the South Central Judicial District requested the Morton County State's Attorney's office review to either request they remain open or request dismissal and the warrant withdrawn. It also provided a copy of a Supplemental Notice dated December 17, 2018, with an additional list of cases to review. If no request is made within 30 days of each notice, the listed cases would be dismissed and the warrant withdrawn. Based on the notices, it appears the review for both notices should be completed by January 16, 2019.

[¶5]   The Court considered the matter, and ORDERED that the deadline for compliance with Rule 3(A) of the North Dakota Admission to Practice Rules in those cases that prosecution is delayed due to outstanding warrants is extended to January 31, 2019.

[¶6]    IT IS FURTHER ORDERED, that all other provisions of the November 15, 2018, order remain in effect.

[¶7]    Gerald W. VandeWalle, C.J.
        Jerod E. Tufte
        Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers